IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NICHOLAS KINLAW, SR., )
)
    Plaintiff, )
)
v. ) 1:21CV453
)
COUNTY OF DAVIDSON, et al., )
)
    Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names "County of Davidson" and Nurse Cameron as Defendants based on an injury to his teeth which occurred at the Davidson County Detention Center. He seeks dental care and damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

According to the Complaint, Plaintiff knocked one tooth out and cracked a second tooth while housed in the Davidson County Jail. Defendant Cameron advised him to put the tooth that was knocked out back into its socket and apply pressure and to have the cracked tooth fixed after his release from custody. At some unidentified time, Plaintiff later left the Jail and entered the North Carolina prison system. While at Pender Correctional Institution, the tooth that was knocked out began cutting into his gum and is crooked. He now seeks $13,000,000 in damages and dental care.

The Complaint names two Defendants, the first of which is the "County of Davidson." However, the Complaint contains no factual allegations against Davidson County. Plaintiff may be attempting to name it as a Defendant based on the fact that it runs the Jail or employs Defendant Cameron. If so, this fails to state a claim because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not form the basis for a claim under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). The Complaint states no claim for relief as to Davidson County and the claims against it should be dismissed.

As for Defendant Cameron, the Complaint attempts to state a claim based on the medical care she provided for Plaintiff's injured teeth. Deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999).

3

Moreover, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011). Here, Plaintiff allegedly sought and received care from Nurse Cameron. Therefore, she did not ignore or refuse to treat his medical needs. The Complaint also does not allege what further or different treatment was required at the time Nurse Cameron interacted with Plaintiff. In fact, it reports that her advice to place the tooth back in its socket apparently saved the tooth. There is also no allegation that the cracked tooth has caused further problems. The Complaint does state that at some later time, while he was housed at a different facility, Plaintiff's tooth became crooked and began to cut into his gum. However, nothing in the Complaint indicates that this was the fault of Defendant Cameron or, if it was, that it amounted to anything more than negligence. Also, to any extent that the tooth needed further treatment at that later time, Defendant Cameron would not have been aware of or responsible for that treatment. In the end, the Complaint states no claim for relief as presently alleged and should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be approved, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $100.00. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $100.00.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of February 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 13th day of January, 2022.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge